May it please the Court, Counsel, my name is Rhonda Thiss, I'm here on behalf of San Michel, the appellant. It is time that the children of Illinois be able to enjoy the fruits and the benefits of a non-custodial parent's inheritance. The law in Illinois has been wavering back and forth, although trending in favor of allowing more and more types of income and funds to be counted as income under the support statute. However, this district has not concisely decided that issue, although it touched on it in the case of Fortner, in re the Marriage of Fortner, decided in 2016. I want to back up and give the Court just a few facts so that I can put my argument into context. The Schells were married in 1992. They had five children. Ms. Schell, San Michel, my client, filed for divorce in 2014. Between 2014 and 2015, Mr. Schell, who was an engineer and had an income of over $615,000 from his mother, a sum in excess of $615,000. The case has been hotly litigated since its inception, but one thing that didn't happen, and I wasn't trial counsel, one thing that didn't happen at trial was the issue being raised as to whether that income in the form of inheritance should be included in calculations for the purpose of determining child support. As a result, when the Court entered its first judgment in October of 2016, the Court did not consider, nor did the Court rule, that any part of Mr. Schell's $615,000 plus inheritance should be included in its determination of child support. It was included only to the extent that monies Mr. Schell had received, if they had earned dividends or interest, only that small portion, the dividend or interest on the money, would be included to calculate his child support. The Court then subsequently entered in December of 2016 a first amended judgment and a second amended judgment, noting in the second amended judgment that I have put in my appendix, I have page 26, that it was not going to determine whether Mr. Schell's motion to modify, which was filed within a few months after the Court's judgment had been entered, whether his motion to decrease his child support under a modification would be considered or taken up. So what we have here, as Mr. Hudson is going to argue, is not a waiver of this issue whatsoever, because Mr. Schell preserved it for us. Because the Court had not issued its final judgment as out of the trial that was held before Mr. Schell filed a motion to modify the support that he was ordered in the first judgment entered by the Court, that issue has been preserved all this time until the trial court, a subsequent judge, Judge Keeblin, finally ruled on it in September of 2018. It went all that time without a decision until Judge Keeblin ruled that she was not going to consider the mandatory retirement withdrawals Mr. Schell was getting from his inheritance from his mother as part of his income for the purpose of determining child support. That is why I'm here today, Your Honors. I'm asking this Court to reverse Judge Keeblin's finding and determine that income, be it from mandatory income from inheritance, be it from mandatory retirement withdrawals, distributions, or any other type of disbursement of those funds to the heir, to the person who inherits by will, or any other source, be considered income for the purpose of child support calculation. So how would we do that in this particular case? How would we assess that? Well, certainly, I think that the issue actually before this Court is whether, as Mr. Schell takes his mandatory withdrawals. That's because of the way the inheritance came. That's exactly right. I'm no tax expert, but I can tell you that because it was the type of account that his mother held these funds in, she was forced to take mandatory withdrawals. And the Code requires the person who receives those funds subsequently through inheritance has to actually abide by those rules and withdraw likewise. Plus, I think that the manner in which the money is held is a dependable, reliable, timely – in other words, it's not random, but these things must come at a certain time interval. It is. It is a regular, calculated withdrawal from that source. So you're not asking us to consider the entire $615,000 in a lump sum. You're asking us to look at the income he derives from that. I am. And, Your Honor, I will tell you that this is one more baby step toward asking that the Court consider inheritance funds of any type, any shape, and no matter what form they come in as income. But this is a baby step toward that because of the facts of this particular case. Counsel, do you think are we restricted by the Supreme Court's holding in the grant? I do not think that you are. And I will tell you what the distinction is. In remerge for McGrath? McGrath. It was decided in 2012. And McGrath addresses whether withdrawals from a savings account should be considered income for the purpose of calculating child support. And the analysis used by the Court in that case, there's just a conclusion that, no, it should not count as income for the specific reason that the money was put into that account as a savings account by the person who earned it or obtained it. So I guess what's behind all of that is likely that it was already calculated into child support as earnings or some type of income prior, prior to the withdrawal from the savings. That is not the case in an inheritance. In an account established through inheritance, that is a gift from a deceased person. That money could never have been calculated into prior income for the purpose of determining child support. It is basically a windfall, be it $1 or $615,000, because it comes to that person without any effort. It is put by that person into an account. And it is withdrawn. And each time it is withdrawn, be it in lump sum or in increments, it is a windfall, a benefit, an enhancement to that person's wealth. If I stop you, in none of that have I heard you say income. It's a benefit. It's a windfall. It's a gift. I've never heard you yet say that is income. And child support is based on income. Okay. Well, income is defined as a benefit, an enhancement of wealth. If I may, I believe in the Illinois Supreme Court defined it as, and I'm quoting, What case are you quoting from? I am quoting from In Remarriage of Mayfield, which is a 2013 case that cites In Remarriage of Rogers, which is the 2004 Supreme Court case that originally came up with this language. Income includes gains and benefits that enhance a noncustodial parent's wealth and facilitates that parent's ability to support a child. It's a very broad definition. And the courts in the state of Illinois have been broadening the scope of what they consider to be income for purposes of calculating child support. So how is this different from a dividend that you would get on a stock? A dividend is an earning on that money. And regardless of the source of the money, it would be something that was earned. Once that person deposits the funds, no matter where they came from, because of their deposit, it earns, assuming that there is an interest rate for a dividend pay. But the dividend on money set aside, would that be included in child support determination? I think absolutely. And Judge Geimert, when she made her initial ruling in this case, stated specifically that any income earned upon the inheritance money should be included as income for the purpose of determining Mr. Schell's child support. But unfortunately, it has not been recognized by the trial court that Mr. Schell derived vast increased wealth to the tune of over $600,000. He did not earn it. It was given to him. And it is a benefit, a distinct, and I don't know how to describe it, but large benefit to his ability to finance his own lifestyle. And the trend in the cases decided in Illinois, cite the specific purpose of letting children benefit and derive financial gain as their parent, non-custodial parent, or custodial parent does now that the statute has changed. Okay. I think that we need to be very careful here to understand what it is you want us to do. Yes. The December 28, 2017 order that was the second amended judgment... Yes. ...clearly indicates that dividends from his inheritance shall be considered and added to his monthly income for maintenance and child support. Yes. You are arguing that that's true. I'm arguing that that's proper. Yes. But what you want us to do now is also consider, in addition to the dividends, his withdrawal. Correct. His mandatory withdrawal. Because that money, because he received it in inheritance, has never been calculated into his child support that he's been ordered to pay in the past. It is a wealth... But the court has over... Has anyone challenged the dividends? No. That's not part... I didn't see that as part of the cross... And there's no cross here. No. So both parties agree that the dividends can be included. And now we have mandatory withdrawals. Yes. And you're asking us to consider that as the equivalent of, say, a dividend. It's something he's receiving on a regular basis. Yes. Yes. And it's not something that he was earning or that was already calculated into his income for purposes of determining child support in the past. He is now deriving the benefit of that inheritance, and his children should receive some benefit from that as well. Now, the... I think he transferred these monies into an IRA. He did. And I asked you about the regularity of the withdrawals. That's governed by federal law, correct? Yes. So there would be no uncertainty for a court if we adopted your position. There would be no uncertainty in that these withdrawals are regular, timely, for consideration. You wouldn't be going back to court every time there was a withdrawal. No. There would be no need for that. And it's my understanding that simply transferring the money from his... from her account to his does not change anything about what regularity the withdrawals must occur or anything like that. I think it's... No penalty. No penalty. And it's just strictly money that flows into Mr. Schell's account. Now, one of the arguments that you're going to hear from opposing counsel is, well, McGrath says that savings, as you've mentioned, Justice Overstreet, that savings can't be touched. Well, but if you read the analysis imposed by Grath, this is earnings that a gentleman set aside as he earned it. And then he decided when he lost his job that he needed to withdraw in order to live. That is totally opposite circumstance from what we have here. It's like... Yes. And so why am I standing here? Except in the court's order... Go ahead. I'm sorry. In the court's order, the judge specifically said that she was... would decline to include the mandatory withdrawals, which... Okay. Let me ask you one last question very quickly. What relief are you seeking from this court? I'm asking that the court say that income from an inheritance that is... The court erred or that something should be set aside? Yes. That the court reverse the order that says that the mandatory withdrawals from his inheritance should not be considered as income in order that it be included in income for purpose of determining child support. Okay. You'll have a few minutes afterwards. Thank you. Mr. Hudson? When you're ready. Opposing counsel, may it please the court. Your Honor, there's a couple of things that I do just want to correct procedurally. Ms. Fisk, when she was up here, said that the order was entered in October of 16th and the second supplemental judgment was entered in December of 16th. That's not the case. 17th. The final judgment got entered on the divorce in December of 2017, almost a year and two months after the initial divorce judgment came down. Why is that relevant? Your Honor, it's relevant because of what is pending now is our motion to modify, which she said we filed and preserved the issue of the final judgment for appeal. We did file a petition to modify in early March, February of that timeframe, basically because one of the children had become emancipated, but we couldn't have any hearings on it until we had a final divorce order, a final divorce judgment saying here's what the numbers were because we had asked to modify, or we had suggested that the court had made an error in our motion to reconsider in the child support numbers themselves. Okay. But from what my notes indicate, the issue on appeal doesn't talk about errors in calculating your child support. That is correct, Your Honor. Did you file a cross appeal? We did not. Okay. We are asking that the order from Judge Keevlin be affirmed. Okay. Now, the only- That order, the issue today before us, as I understand it, is whether the mandatory distributions that your client receives from the money he inherited should be included in his gross income for the purpose of calculating child support maintenance. Absolutely. That is the issue. We had the hearing, the child support hearing in the presence of Judge Keevlin. The only order she issued said that she finds that the mandatory minimum retirement withdrawals are not income, and she told us to go calculate the support and submit proposed judgments. That never occurred, so there's no- We can't tell you what actual number we're here on to appeal. The only thing that's in that order that Judge Keevlin entered that is of relevance today is whether or not those mandatory minimum retirement withdrawals were to be considered income. Your Honor, I should ask a question to Rhonda as to whether or not there was certainty- To Ms. Fiss. To Ms. Fiss. I'm sorry. I apologize. To Ms. Fiss, as to whether or not there was any uncertainty in those retirement withdrawals. With the mandatory minimum retirement withdrawals, it's my understanding that at the end of the year, the account is viewed as a whole. retirement withdrawal comes from. They determine, here's how much you have to take. And the only reason you have to take it is because, or he has to take it, is because his mom was over 70 when she passed. So she was required to take the mandatory minimum withdrawals. He's required to take those as well, except they're a different number because it's based on his lifespan now. But my question to you is, if neither of you appealed the December 28, 2017 order, which was the Second Amendment judgment, amended generally. Correct. If neither of you appealed defining the court that the dividends from his inheritance should be considered and added to his monthly income for maintenance and child support, what's the difference between the dividends that were included in that order and these mandatory withdrawals from this inheritance? I mean, what's the difference here? So the difference is, Your Honor, is that dividends are the amount that the individual stocks pay. So not all stocks will pay dividends. There are certain stocks that pay dividends, certain ones that don't pay dividends. And those come as a separate basically tax form that says, here's the dividends that these individual stocks are paying. That we believe is income. That I think you can look at, and I think the case law is fairly clear that that is income. The mandatory minimum retirement withdrawals look at the whole value of the account on a yearly basis. So that's coming from principal, that's coming from gains, that's coming from losses. Dividends? Reinvested dividends? Correct, Your Honor. It would also be included in those mandatory minimum retirement withdrawals, the calculation itself. But that would be separate. If the account loses $100,000, he has to take a minimum yearly retirement withdrawal. If the account gains $100,000, he has to take a minimum yearly retirement withdrawal. And is that based upon the value of the account at the end of the fiscal year? Correct, and the age of the individual taking it changes. Basically, they don't want you to leave the money sitting in a tax-free account forever. He's allowed, and the testimony is once he gets it, he turns around and deposits it back into another IRA, which is non-marital. There's no limits on doing that. You just have to withdraw from the primary account. It has to be taken. There's no way to get around it. But he has a choice of what to do with his withdrawal. That is correct, Your Honor. Yes, and that's part of the issue. So he could choose to support his children. Well, and he has. And I think that with the dividends being counted, I think that this would automatically almost be a double-counting issue. And I know that Your Honor has talked about it. Let's suppose that your client chose to invest in non-dividend stocks, that is, the stock itself internally, instead of paying out the dividend, reinvests in itself, such as many stocks do with blue chips. Correct. So there would be no dividends to consider. Correct. I would agree. Would your client have control of the investment portfolio? He would have control over that and where he invested and what he invested in. So he could really bypass the entire order of the court by having no dividends from this inheritance. Potentially. He hasn't done that, obviously. But what I'm saying, you have this lump sum of money. Let's just call it $615,000. Okay. I think that's what my notes say. So the $615,000 is non-marital, clearly, right? Correct. Inheritance. He keeps it separate, non-marital, clearly. Now what do we do with these dividends? We consider those as marital. At least nobody has contested that issue. I don't think anybody is considering them as marital, Your Honor. The dividends from the inheritance shall be considered and added to his monthly income for maintenance and child support purposes. Correct. Let's leave it at that. Yes. Okay. And then, Your Honor, I think one of the keys is, and Ms. Fiss alluded to it earlier, is that whether or not it's an inheritance being disbursed. He was awarded this. He obtained the inheritance in 2004, which was the same year that the divorce had started. So it could have been considered for child support and maintenance, the lump sum, in 2004, or 2014. I apologize. 2015, 2016. It wasn't. In Ms. Fiss's motion to reconsider, she specifically asked the court to consider it to give her a lump sum, 32%, or to include all that in income. That was denied in December of 2017. It was never appealed. The judgment became final 30 days after that. I don't think anybody disputes that in this case. Correct. That the inheritance was not marital money. Well, it wasn't awarded for child support and maintenance either. And then she comes back, and we file a motion to modify, and she wants the inheritance considered as non-marital money. It's the same inheritance. Had he been awarded it in 2016 and withdrew it all and put it in a shoebox, she couldn't get it. Had she withdrew it and put it in a savings account, she couldn't get it. She's saying because he's invested it in retirement. Yeah, but that's what I'm asking you, is nobody has contested that issue in the December 28, 2017 order. Correct. But you want to contest it now. I don't want to contest it. I think that order is valid, and I think the order that Judge Keeblin, I think they're both correct. I don't see them as being inconsistent at all. In other words, you can consider the dividends for child support and maintenance. Correct. So whatever is being thrown off by the investment, but you can't consider what he regularly withdraws from that pot of money based on how it's growing or how it's not growing. Correct, and one of the reasons being, Your Honor, is even if he loses money, even if that accountant loses $100,000, so he's $100,000 poor, he still has to take that. He didn't make anything. He could potentially then use that to say he shouldn't be paying as much child support. And that is the exact argument, Your Honor, and that is what I would agree with. The appellate court out of the 4th District, I think, is accurate on this. And they said the court in that case, in O'Daniels, O'Daniels, entering marriage of O'Daniels, they were faced with a similar issue, a different back pattern. But they said that's exactly why the legislator gave us deviation factors, that this in and of itself is not income, that it's money that already belonged to him. But if the court finds it unfair or unreasonable and can justify based on those deviation factors an increase, there's no issue with the court considering it to increase or decrease those child support numbers. And that is our argument in this case. And, Your Honor, the case law in this is all over the place. I think when I laid it out in the brief, and I think Ms. Fiss has done so also, there's a 2nd District case that says it is, and that's Lindman. There's the 4th District case that says there isn't, which is O'Daniels. And then there's that Supreme Court case, McGrady, that uses quotes from both of those cases but goes on to say savings accounts aren't. We haven't been asked to determine IRAs. Is that McGrath or McGrady? McGrath, I'm sorry. It's O'Daniels and McGrath. McGrath is the one where they decided that they quoted both cases. But in McGrath, it was a savings account that he personally set aside and he only withdrew it for unemployment reasons. I mean, he was unemployed, he needed money, so he's basically taking from his own savings account. Correct. And the petitioner or the individual that was taking money from that account in that case relied on O'Daniels when they went to the Supreme Court. The other individual relied on Lindman, and the court found that they weren't – it wasn't income. It was – it could be determined as far as the deviation factors, but it wasn't income. And, Your Honors, just to point out, because it's not in our brief, in researching this, and I didn't see the – Did you bring to cite something not in your brief? Have you given it to the other side? I just found this yesterday, and it's a 2018 case out of the 2nd District, which – It did not, Your Honor. No, it did not. November of 18th. You need to file a motion to supplement your argument. Okay. Do you want to file a motion? I would just file a motion and allow the other side to – Or do you want him to be able to argue it now or on paper? Oh, I think probably paper is fairer with the other side. That's fine, Your Honor. We will – the court will issue an order today allowing you to – will grant any motion to supplement your briefing as to this one case. Could you give us the name of the case? It is, Your Honor. It's In Re Marriage of Verhines and Hickey. Could you just give us the citation? I will, Your Honor. 2018, ILAP 2D 171034, 2018. Okay. What we'd like you to do is please file a motion to supplement your brief. We will grant that motion. If you could limit your argument to that case. Sure. And then just how much time would you like to respond? Fourteen days. Fourteen days will be granted to respond to anything that you file, but there will be no reply, Mr. Hartman, because that wouldn't be appropriate anyway. Yeah, absolutely. Okay. So moving on from that argument, did you want to make what else to say? It's a similar argument even with that. The main thing here, Your Honor, is I don't think that the court can adequately handle a child support case, let alone a maintenance case, any of those, in the event that these are considered income. The Fourth District in O'Daniel basically stated that the only way it could be income is depreciation, dividends and or appreciation. Those would count as income, but not the principal amount that's withdrawn. In order to determine appreciation, it would be extreme. It could change daily on what your amount, what the account balance is, whether the stocks go up, the stocks go down. But the amount that's withdrawn is determined on an annual basis, and that could easily be submitted in an affidavit saying, okay, the principal amount made this much or the principal amount lost this much and not consider the withdrawal from the principal. Is that true? Potentially correct. You could do that. The problem is that when you're taking these withdrawals, you're taking it out of the principal and or if it's lost too much money, you're taking it out of definitely the principal. If it's made money, then there might be some principal, some income, but then each year you're going to have to look back on what you took the prior year, where you took that from to determine what is gained off the principal amounts, what's lost. If the court wanted to award dividends based on the withdrawal, why couldn't the court order your client to submit an affidavit on an annual basis to do that? On the dividends you're on? Yes, to say, okay, this is the amount I withdrew and this was based on the dividends earned for that year. Why couldn't that be done? To at least give the other side notice. Well, and the dividends are, like I said, they're totally a separate entity. So the dividends come in a separate form. It says here's exactly how much you earned on dividends. Those we can clearly say that those are gains on the account. Throughout the year, if he buys, sells, trades, any of this stuff, you aren't going to know, well, how much did A gain? If A had lost money, may I finish my sentence? If A, if Stock A had lost money, you're not going to know, well, they took that loss out and put it in Stock B, which gained money, but did it gain back what Stock A had lost? You could look at the account as a whole, but it's going to be very difficult to determine based on a yearly basis and based on these mandatory minimum withdrawals exactly what he gets a statement saying, here's how much you have to take, and they issue the check. Okay. Thank you very much. Thank you, Your Honor. What's this? There are cases decided in Illinois. The Lindman case is one that says that withdrawal from retirement account is to be considered income for the purpose of calculating child support. In the Rogers case decided by the Supreme Court in 2004, the court said it doesn't matter the regularity or non-regularity of the income. It's to be calculated when you consider what the proper child support amount should be. So I'm a little confused about some of the arguments that have been made, and also whether property is marital or non-marital is not the defining question. The defining question is, is it income? Non-marital, if somebody wins the lottery, $2 billion, it doesn't matter. It may not be marital, but it certainly should be calculated into a child support figure. Is there a lottery case in Illinois? There is a lottery case. I thought there was. And I wish I could tell you the time. There is a lottery case in Illinois. And it's considered income in that case. At least it's considered to determine whether the child would have had the benefit of an advance. The increase. Well, yes. And, indeed, this court in Fortner, in a footnote, says, well, it's likely that inheritance is going to be, but it's not the issue before the court in this case. But what I'm trying to get my head around here is the difference between the dividends and how this calculation would be made on the withdrawal. Because doesn't the withdrawal include the dividends? I guess it may or may not. If it pays dividends, it will. If the stock pays dividends, it will. If there's no dividend paid in the stock, and that's subject to all kinds of corporate maneuvering. Has there actually been a hearing on this issue? I know Judge Keeblin said we're not going to consider it. But has anybody had a hearing yet as to how this could be calculated if it was to be considered? I don't think the dividends bear on the amount of the mandatory withdrawal. That's what I'm trying to understand. That's my understanding. The dividends that are referenced in the December 28, 2017 order, those dividends, how are they different or included within or whatever this mandatory withdrawal? I don't think they are. I don't think that they are. I think there is a sum certain. And from that sum certain, a specific amount of money must be withdrawn to comply with the IRS's withdrawal. But according to Mr. Hudson, the specific amount to be withdrawn is based upon the account's either growth or decrease from the original amount. So if it's going to grow, it would include dividends. And it may, I guess, if the account earned dividends. But I guess my point to this Court is whether it does or does not should not make any difference because Mr. Schell took the retirement accounts of his mother, created his own new retirement account as a source of income for himself.  It meets the case law definition of income when you read these various cases. The O'Daniel case, the McGrath case, all of those cases are not treating or looking at windfall money. They're totally different. These are fact-driven cases. In this particular case, Mr. Schell has $650,000 that he doesn't want to share with his kids in any form. He was ordered to based on the minimum dividends. But he, in fact, is withdrawing $700, $800 a month and keeping it to himself. And the law says that's not the way it should be. The statute says that. By the way, the statute gives us two specific exceptions to income. And retirement accounts are not one of those specific exceptions. I think under the very language of 505A3A, income must include Mr. Schell's withdrawals. Why would that statute have two specific exceptions which are related to public aid and other child support benefits, not any way connected to what we're talking about here? So, Your Honors, again. So you think that under 505A3 we could find that he created, by moving these accounts to an IRA, he transformed the $650,000 into income? Absolutely. Thank you. Thank you for your time. Thank you. Thank you, Your Honors. All right. Thank you for coming today. Okay. This matter will be taken under advisement and we will issue an order with your courts. Thank you so much. Happy holidays.